**Kelly D. Jones**, O.S.B. No. 074217
kellydonovanjones@gmail.com
Kelly D. Jones, Attorney at Law
819 SE Morrison St., Suite 255
Portland, OR 97214
Telephone (503) 362-9393
Fax (503) 362-1375

**Attorney for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JANICE K. THURMAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SYNCHRONY BANK,<br><br>　　　　Defendant. | Case No.: 3:14-cv-1752<br><br>COMPLAINT<br><br>Telephone Consumer Protection Act (47 U.S.C. § 227 et seq.)<br><br>DEMAND FOR JURY TRIAL |

<u>JURISDICTION AND VENUE</u>

1.

Plaintiff brings this action to secure redress for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2.

Jurisdiction of this court arises pursuant to 28 U.S.C. §1331.

COMPLAINT- 1

3.

Venue is proper in this District because the acts and transactions complained of occurred here, Plaintiff resides here, and Defendant regularly conducts business here.

## PARTIES

4.

Plaintiff Janice K. Thurman ("Ms. Thurman" or "Plaintiff") is a natural person who resides in Washington County, Oregon.

5.

Defendant Synchrony Bank ("Defendant") is a is a federal savings association with its headquarters and principle place of business located in Utah, and a main office address located at 170 West Election Road, Suite 125, Draper, Utah 84020. Prior to changing its name in June of 2014, and during much of the conduct alleged in this Compliant, Defendant operated under the name of G.E. Capital Retail Bank. Defendant conducts frequent business within the State of Oregon.

## FACTUAL ALLEGATIONS

6.

All actions described herein relate to a debt alleged to be owed by Plaintiff to Defendant in regards to a consumer "CareCredit" credit card account ending in 7040.

7.

47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA prohibits any calls to a cellular phone number that use an automatic telephone dialing system or an artificial or prerecorded. The Federal Communications Commission ("FCC") has held that any telephone system that has "the capacity to dial numbers without human intervention" falls within the prohibition in 47 U.S.C. § 227(b).

COMPLAINT- 2

*In re Rules and Regulations Implementing the TCPA*, GC Docket 02-279, ¶ 13 (January 4, 2008). For purposes of this complaint, the term "ATDS" refers to a system that has the capacity to dial numbers without human intervention or otherwise meets the definition of a device/system that would implicate the prohibitions set forth in 47 U.S.C. § 227(b).

8.

On or about January 12, 2014, Plaintiff composed a letter ("Revocation Letter") to be forwarded to Defendant. In the Revocation Letter, Ms. Thurman disputed the alleged debt, and affirmatively revoked any consent that Defendant may have had to call her cellular number ending in 2903. The Revocation Letter was forwarded to Defendant via United States Postal Service ("USPS") *Priority Mail* with *Delivery Confirmation* service. The USPS tracking service indicates that the Revocation Letter was delivered to Defendant on January 15, 2014.

9.

Upon information and belief, Defendant or Defendant's subsidiary, affiliate, or agent, made at least fifteen (15) calls to Ms. Thurman's cellular number ending in 2903 using an ATDS and/or an artificial or prerecorded voice, without her prior express consent, not for emergency purposes, and in violation of 47 U.S.C. § 227(b)(1)(A)(iii), on or about the dates and times that follow:

(a) January 17, 2014 at 9:51 A.M. Pacific Standard Time (hereinafter all times set forth in this paragraph below refer to Pacific Standard Time);

(b) January 17, 2014 at 11:36 A.M.,

(c) January 17, 2014 at 6:13 P.M.,

(d) January 18, 2014 at 9:49 A.M,

(e) January 18, 2014 at 11:33 A.M,

COMPLAINT- 3

(f) January 18, 2014 at 1:41 P.M,

(g) January 19, 2014 at 11:14 A.M,

(h) January 20, 2014 at 9:33 A.M,

(i) January 20, 2014 at 11:08 A.M,

(j) January 20, 2014 at 5:05 P.M,

(k) January 20, 2014 at 7:08 P.M.,

(l) January 21, 2014 at 8:12 A.M.,

(m) April 4, 2014 at 8:35 A.M.,

(n) April 7, 2014 at 10:35 A.M., and

(o) August 26, 2014 at 8:35 A.M., and

(p) September 29, 20014 at 9:30 A.M.

10.

Ms. Thurman answered many, if not all of, the Calls and was greeted with a computer generated/artificial voice recording that stated her name and instructed her to remain on the line.

11.

Because Defendant received Mr. Thurman's Revocation Letter, which affirmatively revoked any prior express consent Defendant may have had to call her cellular number ending in 2903, Defendant knew, or should have known, that it was calling Ms. Thurman's cellular number without Ms. Thurman's prior express consent when making each call set forth in the paragraph above (hereinafter "Calls").

///

///

///

COMPLAINT- 4

12.

Upon information and belief, Defendant uses, or could use, a "scrub" service to determine whether phone numbers are cell phone numbers, thus Defendant knew, or should have known, that it was calling a cellular telephone when the Calls were made.

13.

As a direct and proximate result of Defendant's violations of the TCPA set forth above, Ms. Thurman has suffered actual damages.

CLAIM FOR RELIEF

VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

(47 U.S.C. § 227 *et seq*.)

14.

Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

15.

The Calls to Ms. Thurman's cellular phone using an automatic telephone dialing system and/or prerecorded or automatic voice messages constitute multiple violations of 47 U.S.C. § 227(b)(1). As a result of these violations, Ms. Thurman seeks statutory damages of $500 for each prohibited call pursuant to 47 U.S.C. § 227(b)(3)(B). Additionally, Ms. Thurman seeks treble damages, up to $1,500 per violation (per prohibited call) pursuant to 47 U.S.C. § 227(b)(3)(C), as the facts indicate that these calls were willful and/or knowing violations.

TRIAL BY JURY

16.

Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const.

amend. 7. Fed. R. Civ. Pro. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and for Plaintiff as follows:

For an order enjoining each Defendant from violating the TCPA pursuant to 47 U.S.C. § 227(b)(3)(A);

For an award against Defendant of $500 per each violation (call) pursuant to 47 U.S.C. § 227(b)(3)(B);

For a finding that each Defendant's violations were willful and/or knowing thus an award of trebled damages of $1,500 for each violation (call) pursuant to 47 U.S.C. § 227(b)(3);

For an award of Plaintiff's reasonable attorney fees and costs; and

For an award of other further relief as the Court deems just and proper.

DATED: November 4, 2014

Respectfully Submitted by:

/s/ Kelly D. Jones
Kelly D. Jones- OSB #074217
kellydonovanjones@gmail.com
Ph: (503)837-4329
Fax: (503) 715-0524
Plaintiff's Attorney for All Notices

COMPLAINT- 6

**DOCUMENT PRESERVATION DEMAND**

      Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, recordings, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                                                                            /s/ Kelly D. Jones

COMPLAINT- 7